UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 18-1018-JFW(JEMx)**                                    Date: April 20, 2018

Title:      KCC Class Action Services, LLC -v- Aetna, Inc.

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

       **Shannon Reilly**                                        **None Present**
       **Courtroom Deputy**                                      **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
       None                                                    None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING DEFENDANT AETNA, INC.'S MOTION PURSUANT TO 28 U.S.C. § 1404(A) AND THE FIRST-TO-FILE RULE TO DISMISS ACTION, OR IN THE ALTERNATIVE, TRANSFER OR STAY PROCEEDINGS [filed 3/13/18; Docket No. 30]**

       **ORDER DENYING DEFENDANT AETNA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) [filed 3/13/18; Docket No. 29]**

       **ORDER DENYING DEFENDANT AETNA, INC.'S MOTION TO STAY DISCOVERY PENDING RULING ON AETNA'S MOTIONS TO DISMISS AND TRANSFER [filed 4/2/18; Docket No. 42]**

     On March 13, 2018, Defendant Aetna, Inc. ("Aetna") filed a Motion Pursuant to 28 U.S.C. Section 1404(a) and the First-to-File Rule to Dismiss Action, or in the Alternative, Transfer or Stay Proceedings ("Motion"). On March 13, 2018, Aetna also filed a Motion to Dismiss First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(B)(6) [Docket No. 29]. On March 26, 2018, Plaintiff KCC Class Action Services, LLC ("KCC") filed its Oppositions. On April 2, 2018, Aetna filed its Replies. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's April 16, 2018 hearing calendar, and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. BACKGROUND

Aetna, a Pennsylvania corporation with a principal place of business in Connecticut, is one of the country's largest and oldest diversified health care benefit companies. Aetna offers a broad range of traditional, voluntary, and consumer-directed health insurance products and related services.

KCC, a Delaware limited liability company with its principal place of business in California, provides class action settlement administration services. KCC's affiliate and "sole member is Kurtzman Carson Consultants, Inc." ("Kurtzman"), a Delaware corporation with a principal place of business in California. First. Am. Compl. ¶ 20.

In 2014 and 2015, insureds filed putative class actions in federal courts in California and Florida against Aetna and its affiliates, alleging that Aetna's proposed change to certain health insurance policies, which would require them to purchase HIV treatment drugs through the mail rather than through local pharmacies, was cost prohibitive and would violate their privacy rights (collectively, the "*Doe* Actions").[1] The *Doe* Actions were settled, and pursuant to the settlement agreement, Aetna agreed to provide written notice to certain insureds advising them of their options when filling prescriptions for HIV medications (the "Notice"). KCC alleges that Aetna, through its counsel Gibson, Dunn & Crutcher LLP's ("Gibson Dunn") acceptance of KCC's proposal, dated May 23, 2017, entered into a contract with KCC, whereby Aetna agreed to retain KCC to provide settlement administration services in the *Doe* Action, including the preparation and mailing of the Notice and processing any claims submitted (the "May 23, 2017 Contract"). First Am. Compl. ¶¶ 49–57, Ex. B.

On July 28, 2017, KCC unfortunately mailed the Notice to insureds in envelopes with glassine windows resulting in the disclosure of the HIV/AIDS status of the insureds. On August 28, 2017, one of the insureds, Andrew Beckett, filed a class action against Aetna alleging that the windows in the envelopes permitted the disclosure of its insureds' HIV status, thereby allowing unauthorized persons to view insureds' confidential health information (the "*Beckett* Action"). In addition to the *Beckett* Action, six other class actions were filed against Aetna. All of the cases except for one have now been consolidated with the *Beckett* Action in the Eastern District of Pennsylvania (collectively, the "Consolidated Action").[2]

On October 11, 2017, Aetna's counsel sent KCC's counsel a letter demanding KCC indemnify Aetna against losses related to the Consolidated Action. On October 17, 2017, KCC's counsel responded to Aetna's letter denying that KCC was at fault or responsible for any such losses and placing blame on Aetna and its counsel Gibson Dunn for failing to properly protect the personal health information of its insureds. In the October 17, 2017 letter, KCC not only refused Aetna's demand for indemnification but also demanded that Aetna hold harmless, defend, and

---

[1] *DOE v. Aetna*, Case No. 14-CV-02986, was filed in the Southern District of California and *DOE v. Coventry Health Plans*, Case No. 15-CV-62685 was filed in the Southern District of Florida.

[2] The case that was not consolidated, *Doe v. Aetna, Inc. et al.*, Case No. 17-CV-00929 (W.D. Mo.), was transferred from the Western District of Missouri to the Eastern District of Pennsylvania on February 7, 2018 and assigned Case No. 18-CV-00547.

indemnify KCC against any claims and associated monetary losses pursuant to Section 8 of the May 23, 2017 Contract. On October 23, 2017, Aetna unequivocally rejected KCC's demand for indemnity.

On January 17, 2018, the plaintiffs in the Consolidated Action filed a Motion for Preliminary Approval of Class Action Settlement. As part of the settlement, Aetna agreed to resolve all claims for a total of $17,162,000 while at the same time preserving all rights to pursue its claims against non–parties to the settlement, including KCC and its affiliates, for contribution, indemnity, reimbursement, and damages.

On January 19, 2018, Aetna sent KCC's counsel a second letter requesting indemnification, reimbursement and/or contribution from KCC.

On March 13, 2018, Aetna filed a lawsuit naming KCC's affiliate Kurtzman in the Eastern District of Pennsylvania alleging claims for: (1) implied indemnity; (2) equitable indemnity; (3) contribution under Pennsylvania law; (4) declaratory relief; (5) negligence; and (6) replevin and/or injunctive relief (the "Pennsylvania Action"). Aetna's claims against KCC's affiliate Kurtzman are based on its allegations that KCC's affiliate Kurtzman negligently handled insureds' confidential health information when preparing and mailing the Notice in the *Doe* Actions, potentially exposing the information to unauthorized third parties.

The following day, on March 14, 2018, KCC filed this action against Aetna alleging claims for: (1) breach of contract and the implied covenant of good faith and fair dealing; (2) negligence/failure to warn; (3) quantum meruit/goods and services rendered; and (4) declaratory judgment. KCC's claims against Aetna are based on its allegations that Aetna and Gibson Dunn negligently approved the Notice and the windowed envelopes used by KCC to send the Notice to Aetna's insureds, and that Aetna breached the terms the May 23, 2017 Contract by refusing to indemnify KCC in connection with losses caused by the preparation and mailing of the Notice in the *Doe* Actions and by failing to pay KCC for services rendered.

Aetna now moves to dismiss, transfer, or stay this action based on the first-to-file rule on the grounds that this action and the Pennsylvania Action involve substantially similar parties and the same or substantially similar legal issues. Alternatively, Aetna moves to transfer this action pursuant to 28 U.S.C. Section 1404(a) to the Eastern District of Pennsylvania for the convenience of the parties and in the interests of justice.

## II.   LEGAL STANDARD

### A.   First-to-File Rule

The first-to-file rule is "a doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir.2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir.1982)). This rule "was developed to serve the purpose of promoting efficiency" "and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991) (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979) (internal quotation marks

omitted)).  In addition to judicial efficiency, this rule helps prevent "the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012); *see also Church of Scientology*, 611 F.2d at 750 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").  "Under this doctrine, a district court may choose to transfer, stay or dismiss an action where a similar complaint has been filed in another district court." *See Hilton v. Apple Inc.*, 2013 WL 5487317, at *4 (N.D. Cal. Oct. 1, 2013) (citing *Alltrade*, 946 F.2d at 623).

A "court must consider three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.* (citing *Ward. v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994); *Psystar*, 658 F.3d at 1161).  However, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.  "Accordingly, a district court is left with the discretion to deviate from the first-to-file rule where equity dictates." *Hilton*, 2013 WL 5487317, at *4 (citing *Alltrade*, 946 F.2d at 628) ("The most basic aspect of the first-to-file rule is that it is discretionary, 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'") (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).

### B.     Transfers Under 28 U.S.C. Section 1404(a)

Pursuant to 28 U.S.C. Section 1404(a), a case may be transferred to any district where the action could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice".  The purpose of Section 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26–27 (1960) (internal quotation marks omitted)).  A district court has discretion to transfer cases based on the individualized facts of each case and considerations of convenience and fairness.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

The party that seeks a transfer under Section 1404(a) bears the burden of showing that the transfer is appropriate.  *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185, at *1 (N.D. Cal. Mar. 5, 2001) (citing *Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316–17 (9th Cir.1985), rev'd in part on other grounds by *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992)).  "To support a motion for transfer, the moving party must show: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992); *see also Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. Jun. 8, 1999) (stating that once a court has determined that venue is proper, it turns to "the central inquiry" of a Section 1404(a) motion—the convenience of the parties and witnesses and the interests of justice).

In determining the convenience of the parties and witnesses and the interests of justice, a court may consider the following non-exhaustive factors:

>    (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

See Jones, 211 F.3d at 498–99.

### III.   DISCUSSION

#### A.   The First-to-File Rule

##### 1.   Whether The First to File Rule Applies

District courts look at three threshold factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the claims. Ward, 158 F.R.D. at 648. The chronology of the two actions at issue in this Motion is undisputed—the Pennsylvania Action was filed one day before this action, which is sufficient to satisfy the chronology factor. Gunnar Optiks, Inc. v. Mad Panda, LLC, 2015 WL 1013775, at *2 (S.D. Cal. Mar. 9, 2015); see also Martin v. Graybar Elec. Co., 266 F.2d 202, 205 (7th Cir. 1959) (internal citation and quotation marks omitted). The parties also cannot reasonably dispute that the two actions involve similar claims. Thus, the only real dispute is whether the actions involve similar parties.

KCC agues that the parties in the two actions are different because Aetna sued Kurtzman—not KCC—in the Pennsylvania Action and, thus, there is no overlap between the named parties in each action. However, as the Ninth Circuit has explained, "the first-to-file rule does not require exact identity of the parties", "rather," the "rule requires only substantial similarity of parties." Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015). Based on the evidence presented, the Court concludes that the parties to the actions are substantially similar.

First, although KCC is not named as a party in the Pennsylvania Action, it is undisputed that Kurtzman is an affiliate of KCC. As a result, there will undoubtedly be an attempt to name KCC as a party in the Pennsylvania Action in the future. See Microchip Tech., Inc. v. United Module Corp, 2011 WL 2669627, at *3 (N.D. Cal. Jul. 7, 2011) (concluding that a company and its subsidiary were substantially similar parties for purposes of the first-to-file rule and that judicial economy is better served by leaving the joinder issue to be resolved by the court where the first action was filed). In addition, KCC admits that although KCC and Kurtzman are separate entities, their employees often refer to the entities interchangeably. Indeed, Aetna has presented evidence that employees from both entities may have been involved in providing settlement administration services in the Doe Actions and in negotiating the May 23, 2017 Contract. Accordingly, the Court

concludes that the relevant parties in both lawsuits are substantially similar and, therefore, all of the factors required under the first-to-file rule are satisfied.

### 2. Whether an Exception to the First-to-File Rule Applies

The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied." *Pacesetter*, 678 F.2d at 95. Thus, even if all of the requisite factors for applying the rule are satisfied, a court may exercise its discretion and refuse to apply the first-to-file rule under certain circumstances. *See id.* If a court declines to apply the first-to-file rule, it must present "a sound reason that would make it unjust or inefficient to continue the first-filed action." *Genetech, Inc. v. Eli Lily*, 998 F.3d 931, 938 (9th Cir. 1993) (abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 625–26. KCC argues that the Court should exercise its discretion and refrain from applying the first-to-file rule because Aetna's filing of the Pennsylvania Action was an anticipatory lawsuit that was filed in bad faith and in an effort to forum shop.

A lawsuit is anticipatory where a plaintiff files it upon receipt of "specific, concrete indications that a suit by the defendant is imminent." *Youngevity Int'l., Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014); *see also Ward*, 158 F.R.D. at 648. Anticipatory suits are disfavored in order to encourage settlement talks prior to initiating a race to the courthouse. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 1093, 1097–98 (N.D. Cal. 2006). KCC argues that Aetna's filing of the Pennsylvania Action was anticipatory because Aetna filed the lawsuit three days after receiving a draft complaint from KCC. According to KCC, it sent Aetna a letter on February 2, 2018 asking Aetna to participate in a confidential mediation and asked Aetna to respond on or before February 9, 2018. KCC also enclosed a draft complaint and advised that it was prepared to litigate the matter if the parties were unable to privately resolve their dispute. Instead of responding, Aetna filed the Pennsylvania Action on February 5, 2018.

Aetna argues the Pennsylvania Action is not an anticipatory filing because it had a "pre-existing motive" to file the lawsuit based on a letter threatening litigation, dated January 19, 2018, that it had previously sent to KCC. Under the first-to-file doctrine, a lawsuit is not considered anticipatory if the party that files the first lawsuit had a pre-existing motive for going to court. *See Bryant v. Oxxford Exp., Inc.*, 181 F. Supp. 2d 1045, 1049 (C.D. Cal. 2000). According to Aetna, its pre-existing motive to file suit is clear because Aetna informed KCC in its January 19, 2018 letter that it intended "to promptly seek indemnification, reimbursement, and/or contribution from KCC relating to all damages and losses sustained by Aetna as a result of the privacy incident . . ." In the letter, Aetna also asked KCC to "agree to arbitrate all indemnity, contribution and related claims relating to the incident" and to advise Aetna by January 26, 2018 whether it would agree to participate in binding arbitration. Aetna also stated in the letter that if "KCC [did not] agree to binding arbitration, Aetna [would] proceed accordingly."

Despite Aetna's clear ultimatum, KCC argues that Aetna's letter did not provide KCC with a "specific, concrete indication" that a lawsuit by Aetna was "imminent." According to KCC, there was no "escalation in Aetna's letter" such as a draft complaint, "a date certain on which Aetna would file litigation, or anything of that nature." Opp'n 16. In addition, KCC argues that it never refused to arbitrate, so that option was still "open for discussion" at the time the Pennsylvania

Action was filed. Opp'n 16.

Although Aetna's filing of the Pennsylvania Action before the deadline imposed by KCC had expired suggests that it "ran to the courthouse", it was clearly more of a "leisurely stroll" because Aetna and KCC had been discussing their cross-indemnification demands since August 2017 and Aetna had informed KCC that it intended to pursue legal action. Accordingly, based on the evidence in the record, the Court cannot definitively conclude that Aetna's filing of the Pennsylvania Action was anticipatory. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *6 (N.D. Cal. Aug. 9, 2012).

KCC also argues that Aetna filed the Pennsylvania Action in bad faith because it was an obvious attempt to forum shop. According to KCC, the fact that Aetna filed the Pennsylvania Action in the Eastern District of Pennsylvania shortly after KCC threatened Aetna with litigation reflects Aetna's intent to forum shop because "the actual conduct giving rise to KCC's claims occurred in California, with no connection at all to the state of Pennsylvania." Opp'n 17. The Court does not find KCC's argument persuasive. It is undisputed that Aetna is a Pennsylvania corporation with significant operations in that state and that the Consolidated Action, which gave rise to Aetna's indemnification claims against KCC, is pending in Pennsylvania. Thus, the Court concludes that Aetna did not engage in "bad-faith forum shopping" by filing the Pennsylvania Action. In addition, even if Aetna's motives were suspect in filing the Pennsylvania Action, the "mere hint of bad faith, anticipatory suit, and forum shopping, is not sufficient to justify dispensing with the first-to-file rule." *General Prods. Mach. Shop, Inc. v. Systematic, Inc.*, 2006 WL 2051737, at *2 (D. Idaho Jul. 20, 2006). Accordingly, the Court concludes that none of the exceptions raised by KCC would preclude the Court from applying the first-to-file rule.

Although the Court concludes that Aetna has demonstrated that the first-to-file factors are satisfied and that KCC has failed to demonstrate that any of the well-recognized exceptions to the first-to-file rule apply, the Court nonetheless declines to dismiss or transfer this action based on the first-to-file rule. *See Alltrade*, 946 F.2d at 628 (explaining that a court has discretion to dismiss, stay, or transfer a case to another district under the first-to-file rule). The Court has reviewed the Motion to Dismiss, Transfer, or Stay that Kurtzman filed in the Pennsylvania Action on March 7, 2018 [Docket No. 15] ("Kurtzman's Motion to Dismiss") and concludes that Kurtzman's Motion to Dismiss raises many of the same issues and arguments raised by the parties in the motions pending before this Court, including merit based arguments, as well as issues relating to personal jurisdiction over the parties. Accordingly, in order to avoid conflicting rulings and to promote comity and judicial efficiency, the Court concludes that it is appropriate to stay this action pending the court's ruling on Kurtzman's Motion to Dismiss in the Pennsylvania Action. *See Alltrade*, 946 F.2d at 629 (explaining that where a first suit may be dismissed, the second suit should be stayed rather than dismissed); *British Telecomm. plc v. McDonnell Douglas Corp.*, 1993 WL 149860, at *5 (N.D. Cal. May 3, 1993) (finding that "because some uncertainty exists as to the ultimate outcome" of the similar issues raised in the first action, "a dismissal of this action would be inappropriate."). Therefore, the Court **DENIES** Aetna's Motion to Dismiss or Transfer this Action based on the first-to-file rule and **GRANTS** its Motion to Stay.

**B.    Whether this Action Should Be Transferred Pursuant to Section 1404(a)**

As an alternative to the first-to-file rule, Aetna argues that this action should be transferred to the Eastern District of Pennsylvania pursuant to Section 1404(a) based on the convenience of the parties and the interests of justice. As an initial matter, the Court concludes that Aetna has demonstrated that the Eastern District of Pennsylvania is a proper forum and that this action could have been brought there.[3] However, given the parties' strong disagreement as to whether California or Pennsylvania is a more convenient forum and the fact that this issue has been raised in Kurtzman's Motion to Dismiss pending in the Pennsylvania Action, it would be inappropriate for this Court to consider this issue. *See Youngevity*, 42 F. Supp. 3d at 1384 (declining to analyze the convenience factors because the issue should be resolved by the court in the first-filed action). As the Ninth Circuit has stated, the issue of which court is most convenient for the parties "should be addressed to the court in the first-filed action." *Alltrade, Inc.*, 946 F.2d at 628. Accordingly, the Court concludes that this issue is more appropriately resolved by the court in the Eastern District of Pennsylvania. Therefore, the Court **DENIES** Aetna's Motion to Transfer this Action pursuant to Section 1404(a).

## IV. CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Aetna's Motion to Stay Proceedings and **DENIES** Aetna's Motion to Dismiss and its Motion to Transfer based on the first-to-file rule or pursuant to Section 1404(a). Accordingly, this action is **STAYED** pending the court's ruling on Kurtzman's Motion to Dismiss pending in the Pennsylvania Action. The parties are directed to file a joint status report every thirty days regarding the Pennsylvania Action. The first report is due May 7, 2018. If the Pennsylvania court declines to transfer the Pennsylvania Action, Aetna may file a new motion to transfer this action to Pennsylvania.

In addition, in light of the Court's ruling, Aetna's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 29] and Aenta's Motion for Stay of Discovery Pending Ruling on Aetna's Motions to Dismiss and Transfer [Docket No. 42] are **DENIED** as **MOOT**.

---

[3] The evidence in the record demonstrates that Aetna is a Pennsylvania corporation with an address at 1425 Union Meeting Road in Blue Bell, Pennsylvania, which is located in the Eastern District of Pennsylvania. Although KCC argues that the Eastern District of Pennsylvania is not an appropriate forum because KCC is not subject to personal jurisdiction in Pennsylvania, the Court does not find KCC's argument persuasive. First, the relevant inquiry under Section 1404 is whether the defendant is a resident of the forum, not whether the plaintiff is a resident of the forum. *See, e.g., WP Banquet, LLC v. Target Corp.*, 2016 WL 945048, at *7 (C.D. Cal. Dec. 15, 2016); *F.T.C. v. Watson Pharm., Inc.*, 611 F. Supp. 2d. 1081, 1990 (C.D. Cal. 2009). Given that Aetna is the defendant in this action, the proper focus is whether Aetna is a resident of Pennsylvania, not KCC. Morever, the Court cannot determine whether KCC is subject to personal jurisdiction in Pennsylvania given the limited information in the record on this issue and, thus, it declines to reach this issue since "there is no requirement under Section 1404(a) that a transferee court have jurisdiction over the plaintiff" or have "sufficient minimum contacts with the plaintiff." *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, 2012 WL 2068728 (S.D. Cal. Jun. 8, 2012) (quoting *In re Genetech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009)).